IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER ALVIN HUBB                                             PLAINTIFF

vs.                             Civil No. 4:08-cv-04110

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Walter Alvin Hubb ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for SSI on April 25, 2005. (Tr. 75-78). Plaintiff alleged he was disabled due to a back injury from an on-the-job accident. (Tr. 134). Plaintiff alleged an onset date of September 24, 2003. (Tr. 135). This application was initially denied on June 30, 2005 and was denied again on reconsideration on September 19, 2005. (Tr. 64-74). On October 7, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 35). This hearing request was granted,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

and a hearing was held on October 6, 2006 in Texarkana, Arkansas. (Tr. 41-63). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 1563(e). (Tr. 44). Plaintiff had also completed high school and had obtained a certification for air conditioning and heat at the time of this hearing. *See id.*

On October 19, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 25, 2005, his application date. (Tr. 15, Finding 1). The ALJ determined Plaintiff had the following severe impairments or combination of impairments: degenerative changes of the cervical and lumbar spine and "remote history of fusion of the C5-6 vertebral bodies." (Tr. 15, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the

claimant has the residual functional capacity to perform the full range of medium work.

(Tr. 15, Finding 4). According to 20 C.F.R. § 404.1567(c), "medium work" is defined as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he had no PRW he could perform. (Tr. 19, Finding 5). The ALJ then applied the Medical-Vocational Guidelines ("Grids") to determine whether Plaintiff would be found "disabled" or "not disabled" considering his RFC, age, past work, and education. Applying the Grids, the ALJ found Plaintiff was "not disabled" as directed by Medical-Vocational Rule 203.21.[2] (Tr. 19-20, Finding 9). Based upon this determination, the ALJ found Plaintiff had not been under a disability, as defined by the Act, since April 25, 2005, the date his application was filed. (Tr. 20, Finding 19).

On October 22, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On October 30, 2008, the Appeals Council declined to assume jurisdiction of Plaintiff's case. (Tr. 4-6). On November 18, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 1, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

---

[2] Rule 203.21 only applies to a person "closely approaching advanced age." In this case, Plaintiff was *both* a person "closely approaching advanced age" and a person of "advanced age" during the relevant time period. (Tr. 19, Finding 6). Rule 203.14, however, applies to a person of "advanced age" and also directs a finding of "not disabled" under the Grids considering Plaintiff's vocational factors. Therefore, under both Rule 203.21 (person "closely approaching advanced age") and 203.14 (person of "advanced age"), Plaintiff would be found "not disabled." Accordingly, even though the ALJ did not properly apply the Grids to the time-period when Plaintiff was considered of "advanced age," this error was harmless.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's RFC determination is not supported by substantial evidence in the record; (B) the ALJ's determination that Plaintiff can perform other work existing in significant numbers in the national economy is not supported by substantial evidence in the record; and (C) the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 1-4). In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, that the ALJ properly assessed Plaintiff's credibility and discounted it for legally-sufficient reasons, and that the ALJ properly found Plaintiff could perform other work existing in significant numbers in the national economy. (Doc. No. 8, Pages 4-14). Because this Court finds the ALJ's RFC determination is not supported by

5

substantial evidence in the record, this Court will only address Plaintiff's first argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, this Court finds substantial evidence does not support the ALJ's RFC determination. As an initial matter, Plaintiff alleged an onset date of September 24, 2003 (Tr. 135), and the ALJ's disability determination is dated October 19, 2007. (Tr. 13-20). Therefore, the relevant time period for reviewing the medical records is during the time period from September 24, 2003 until October 19, 2007, and this Court will only review the medical records from this time period. On June 9, 2004, Plaintiff was treated by Dr. Anna Pantusa Gonzaba, M.D. as a part of a

consultative examination at the request of the Texas Workers Compensation Commission ("TWCC"). (Tr. 145-148). Dr. Gonzaba noted her impression was that Plaintiff suffered from lumbar radicular pain, lumbar disc pain, and "facet syndrome-lumbar." (Tr. 147). Dr. Gonzaba noted Plaintiff had been "been treated conservatively without much progression in pain relief" and did not anticipate "MMI" ("maximum medical improvement" under the TWCC guidelines) for approximately six months.³ (Tr. 147).

From April 9, 2004 until September 9, 2004, Plaintiff underwent physical therapy for his back pain. (Tr. 149-157). Plaintiff reported continued lower back pain during these appointments, and Plaintiff's treating physician did not find his condition had improved as a result of this physical therapy. *See id.* From April 2, 2004 until September 29, 2004, Dr. S. Ali Mohamed, M.D. treated Plaintiff for his severe lower back pain and diagnosed Plaintiff with lumbar discogenic pain, lumbar radiculopathy, bilateral lumbar facet syndrome, bilateral sacroiliitis, and myofascial pain syndrome. (Tr. 158-183). Dr. Mohamed found Plaintiff had not reached MMI and was still suffering from chronic lower back pain. *See id.*

Thereafter, on September 30, 2004, Plaintiff was examined by Dr. David R. Willhoite, M.D. as a part of a consultative evaluation. (Tr. 184-186). Dr. Willhoite examined Plaintiff and found Plaintiff "most likely has reached maximum medical improvement" and "should be returned to some type of work within the next two to three months." *See id.* Although Dr. Willhoite found Plaintiff could return to "some type of work," he did not find Plaintiff could return to work involving medium exertion, as determined by the ALJ in this case. (Tr. 185). On May 13, 2005, Dr. Ifteqar

---

³ It is important to note that "maximum medical improvement" for the TWCC does not mean that a patient is *cured* or no longer suffers from any medical problems. Rather, it is "the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated." (Tr. 147).

Syed, M.D. examined Plaintiff as a part of a consultative examination. (Tr. 230). Dr. Syed determined Plaintiff had "chronic neck and back pain with evidence of spondylosis on MRI." (Tr. 230). Dr. Syed did not indicate or state that Plaintiff could perform medium work with those limitations. *See id.* On March 2, 2006 and July 25, 2006, Plaintiff was examined at the Doctor's Care Clinic and was treated for his symptoms of lower back pain. (Tr. 236-237). Again, these records do not indicate Plaintiff could perform medium work.

On July 27, 2005, Dr. John A. Sklar, M.D. examined Plaintiff at the direction of the TWCC, and his report provides little insight into Plaintiff's claimed disability in the present action. (Tr. 234-235). With regarding to Plaintiff's request for worker's compensation, Dr. Sklar found Plaintiff's injury from 2003 "would have reasonably resolved long ago" and "ongoing treatment would not be appropriate . . . under the workers' comp system" (Tr. 234). Dr. Sklar offered no opinion on the impact Plaintiff's impairments would have on his RFC or on his ability to work. Likewise, on November 23, 2004, Plaintiff was examined by Dr. Roshan Sharma, M.D. at the request of the TWCC, and Dr. Sharma's report and findings provide little insight into Plaintiff's claimed disability in the present action. (Tr. 187-196). Dr. Sharma found suffered from the "residual of a lumbar sprain, lumbar radicular syndrome, degenerative disc disease of the lumbar spine" and awarded him a "5% whole percent impairment." (Tr. 191). Dr. Sharma also found Plaintiff was "at maximum medical improvement as of today 11/23/04." (Tr. 191). Neither one of these reports indicate Plaintiff retained the RFC to perform medium work.

Indeed, the only record supporting the ALJ's finding that Plaintiff retained the RFC to perform medium work is from Dr. Sharma when Dr. Sharma examined Plaintiff during a second consultative examination in 2006. (Tr. 238-243). Dr. Sharma is a one-time examining physician. *See id.* Such a report from a one-time examining physician generally does not provide substantial

evidence supporting the ALJ's disability determination. *See Jenkins v. Apfel,* 196 F.3d 922, 924-25 (8th Cir. 1999) (holding "[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence.") (citation omitted).  This Court finds no reason to deviate from this general rule.  Because the ALJ's RFC determination that Plaintiff can perform medium work is entirely based upon Dr. Sharma's report, that RFC determination is not supported by substantial evidence in the record.  *See id.*  Furthermore, since the ALJ's disability determination is based upon his RFC determination, the ALJ's disability determination is also not supported by substantial evidence.  Accordingly, this case must be reversed and remanded for further evaluation of Plaintiff's case.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of January, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE